UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CORDELL DANIEL JONES,

    Petitioner,

v.

ERICK BALCARCEL,

    Respondent.
_____/

CASE NO. 18-cv-12003

HON. TERRENCE G. BERG
HON. PATRICIA T. MORRIS

**ORDER GRANTING PETITIONER'S MOTION
TO HOLD HABEAS PETITION IN ABEYANCE [DKT. 3],
DENYING AS MOOT MOTION FOR AN EVIDENTIARY
HEARING [DKT. 4], AND CLOSING CASE FOR
<u>ADMINISTRATIVE PURPOSES</u>**

Petitioner Cordell Daniel Jones, a state prisoner at the St. Louis Correctional Facility in St. Louis, Michigan, recently filed a *pro se* application for the writ of habeas corpus under 28 U.S.C. § 2254. The habeas petition challenges Petitioner's state convictions for second-degree murder, Mich. Comp. Laws § 750.317, assault with intent to commit murder, Mich. Comp. Laws § 750.83, and possession of a firearm during the commission of a felony ("felony firearm"), Mich. Comp. Laws § 750.227b. Also pending before the Court are Petitioner's motion to hold this case in abeyance while he pursues state remedies and his motion for an evidentiary

1

hearing. For the reasons that follow, the motion for a stay will be granted, the motion for an evidentiary hearing will be denied as moot, and this case will be closed for administrative purposes.

## I. Background

Petitioner was charged in Wayne County, Michigan with first-degree murder, assault with intent to commit murder, and felony firearm. He was tried before a jury in Wayne County Circuit Court and found guilty of second-degree murder (as a lesser-included offense of first-degree murder), assault with intent to commit murder, and felony firearm. On May 7, 2015, the trial court sentenced Petitioner to prison for thirty-three to sixty years for the murder conviction, a concurrent term of eight to fifteen years in prison for the assault conviction, and a consecutive term of two years in prison for the felony-firearm conviction.

In an appeal of right, Petitioner argued that there was insufficient evidence to convict him of second-degree murder and assault with intent to murder and that he was entitled to a new trial or a conviction on the lesser charge of voluntary manslaughter. The Michigan Court of Appeals found no merit in Petitioner's claim and affirmed his convictions. *See People v. Jones*, No. 327731 (Mich. Ct. App. Oct. 13, 2016). On April 4, 2017, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issue. *See People v. Jones*, 891 N.W.2d 496 (Mich. 2017).

On June 20, 2018, Petitioner signed and dated his habeas corpus petition, and on June 26, 2018, the Clerk of the Court filed the petition. Petitioner raises the same sufficiency-of-the-evidence claim that he presented to the state courts on direct appeal. However, in his motion to hold this case in abeyance, he states that he wishes to return to state court and raise additional issues in a motion for relief from judgment. The new claims allege that Petitioner's trial and appellate attorneys were ineffective and that the state trial court deprived Petitioner of a fair trial by failing to instruct the jury on Michigan Criminal Jury Instruction 2.16. Petitioner also intends to argue that he can establish "good cause" for not bringing his new claims before the state court on direct appeal and "actual prejudice."

## II. Discussion

The doctrine of exhaustion of state remedies requires state prisoners to give the state courts an opportunity to act on their claims before they present their claims to a federal court in a habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). This requirement is satisfied if the prisoner "invok[es] one complete round of the State's established appellate review process," including a petition for discretionary review in the state supreme court "when that review is part of the ordinary appellate review procedure in the State."

*O'Sullivan*, 526 U.S. at 845, 847. Thus, to properly exhaust state remedies, a prisoner must fairly present the factual and legal basis for each of his or her claims to the state court of appeals and to the state supreme court before raising the claims in a federal habeas corpus petition. *Wagner v. Smith*, 581 F.3d 410, 414–15 (6th Cir. 2009).

Petitioner appears to have exhausted state remedies for his current claim regarding the sufficiency of the evidence, but a dismissal of his habeas petition while he pursues additional state remedies could result in a subsequent petition being barred by the one-year statute of limitations. *See* 28 U.S.C. § 2244(d). In fact, the statute of limitations may have already run on Petitioner's proposed new claims.

The Supreme Court, however, has approved a "stay-and-abeyance" procedure that allows district courts to stay a federal proceeding and to hold a habeas petition in abeyance while the petitioner returns to state court and raises his unexhausted claims there. *See Rhines v. Weber*, 544 U.S. 269, 275 (2005). After the prisoner exhausts his state remedies, the federal court can lift its stay and allow the petitioner to proceed in federal court. *Id.* at 275–76.

The *Rhines* stay-and-abeyance procedure normally is available when the petitioner had good cause for the failure to exhaust his state remedies first in state court, the unexhausted claims are potentially meritorious, and the petitioner is not engaged in abusive litigation tactics.

4

*Id.* at 278.  If the prisoner satisfies those conditions, the district court should stay, rather than dismiss, the petition.  *Id.*

*Rhines* involved a "mixed petition" of exhausted and unexhausted claims, whereas Petitioner's pleading contains only one exhausted claim.  Federal district courts, however, "ordinarily have authority to issue stays*," id.* at 276, and the *Rhines* stay-and-abeyance procedure has been applied in cases where the petition was not a "mixed" petition of exhausted and unexhausted claims.  *See, e.g., Mena v. Long*, 813 F.3d 907, 908 (9th Cir. 2016) (holding that "the *Rhines* stay-and-abeyance procedure is not limited to mixed petitions" and that "a district court may stay a petition that raises *only* unexhausted claims") (emphasis in original); *Doe v. Jones*, 762 F.3d 1174, 1181 (10th Cir. 2014) (concluding that the district court had discretion to consider a *Rhines* stay even though the petitioner filed an "unmixed" petition); *Heleva v. Brooks*, 581 F.3d 187, 191–92 (3d Cir. 2009) (concluding from the Supreme Court's decision in *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), that the Supreme Court seems to have "open[ed] the door to utilizing the stay-and-abeyance procedure in at least some limited circumstances beyond the presentation of a mixed petition" and that "the District Court's interpretation of *Rhines* as foreclosing the possibility of a stay for Heleva was in error").

The approach embraced in these appellate rulings is both practical and reasonable.  It is consistent with the rule in *Pace,* 544 U.S. at 416,

where the Supreme Court authorized prisoners seeking state post-conviction relief to file "protective" petitions in federal court and to ask the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted. Similarly, in *Duncan v. Walker*, 533 U.S. 167 (2001), former Justice Stevens stated:

> [T]here is no reason why a district court should not retain jurisdiction over a meritorious claim and stay further proceedings pending the complete exhaustion of state remedies. Indeed, there is every reason to do so . . . when the failure to retain jurisdiction would foreclose federal review of a meritorious claim because of the lapse of [the] 1-year limitations period.

*Id.* at 182–83 (Stevens, J., concurring in part and concurring in the judgment).

In the present case, moreover, Petitioner's unexhausted claims are not plainly meritless, and he alleges that appellate counsel was "cause" for his failure to raise his unexhausted claims on direct appeal. Additionally, Petitioner does not appear to be engaged in intentionally dilatory litigation tactics.

The Court concludes that it would not be an abuse of discretion to stay Petitioner's habeas petition while he pursues additional remedies in state court. The Court therefore GRANTS Petitioner's motion to hold this case in abeyance (Dkt. 3). Petitioner shall file a motion for relief

from judgment in the state trial court within ninety (90) days of the date of this order.

If Petitioner is unsuccessful in state court and wishes to return to federal court, he must move to re-open this case and also file an amended habeas petition within ninety (90) days of exhausting state remedies for his new claims. Failure to comply with the conditions of this stay could result in the dismissal of this case. *Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014). The Court expresses no opinion on whether any new claims presented in an amended petition will be barred by the statute of limitations.

To avoid administrative difficulties, the Court orders the Clerk of Court to close this case for administrative purposes only. Nothing in this order shall be construed as an adjudication of Petitioner's current claim. Finally, in light of this administrative closing, the Court denies as moot Petitioner's motion for an evidentiary hearing (Dkt. 4).

IT IS SO ORDERED.

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

Dated: August 21, 2018

## Certificate of Service

I hereby certify that this Order was electronically filed, and the parties and/or counsel of record were served on August 21, 2018.

s/A. Chubb
Case Manager
